IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| LOFLIN FABRICATION LLC, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices in violation of the ADA and to provide appropriate relief to Deborah Shrock who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant subjected Deborah Shrock to an unlawful medical inquiry (seeking disclosure of all medical prescriptions to Defendant) and terminated Shrock for failing to disclose a lawful medical prescription, in violation of the ADA. EEOC alleges in the alternative, that Respondent discharged Shrock because of an actual disability, or because Respondent regarded her as disabled, also in violation of the ADA. The EEOC further seeks an injunction to protect all other employees of Defendant from illegal medical inquiries related to Defendant's policy that requires all employees, regardless of job duties,

1

to provide Defendant with a copy of all prescription medications (hereafter "prescription policy").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a North Carolina limited liability company doing business in the state of North Carolina and the city of Denton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Deborah Shrock filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On July 19, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 7, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since prior to July 25, 2016, and continuing, Defendant has engaged in unlawful employment practices at its facility in Denton, North Carolina in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(d)(4)(a), by requiring all employees, regardless of job duties, to submit a copy of all medical prescriptions to Defendant. On or about July 25, 2016, Defendant engaged in an unlawful employment practice when it discharged Shrock for failing to provide Defendant with a copy of a prescription for a legally prescribed medication; or in the alternative, discharged Shrock because of an actual or perceived disability in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

14. Defendant hired Deborah Shrock as Office Manager at its facility in Denton, North Carolina on or about July 25, 2016.

15. As Office Manager, Shrock performed the following administrative job duties: accounting, payroll, mail handling, and supervising office personnel.

16. About once a week, Shrock went to the bank to handle business for Defendant. Shrock either drove her personal car or drove Defendant's car for that purpose.

17. In or around January 2017, Shrock's medical care provider prescribed medication, specifically a muscle relaxant, for Shrock to take as needed for a spinal impairment. In October 2017, Shrock was diagnosed with cervical disc disorder with radiculopathy, or degenerative disc disease, a physical impairment that substantially limits

4

the major life activity of the proper function of the musculoskeletal system (hereafter "disability").

18. Between January 9, 2017 and the date her employment was terminated by Defendant (on or about September 22, 2017), Shrock took the prescribed medication "as needed." Shrock kept her prescription at home, and did not take the medication during the work day.

19. Defendant never informed Shrock of any deficiencies in her performance as Office Manager.

20. Prior to Shrock's discharge, Defendant had never issued written discipline to Shrock.

21. At the time of her discharge, on or about September 22, 2017, Shrock was meeting Defendant's legitimate expectations in the performance of her job duties.

22. On or about September 21, 2017, Shrock was selected for a random drug test that was administered by a third-party.

23. On information and belief, at no time prior to September 21, 2017, did Defendant intend to discharge Shrock from her position.

24. Prior to taking the random drug test, Shrock notified the third-party nurse, Defendant's Shop Supervisor, and Defendant's Human Resources Manager that she (Shrock) had taken a prescription medication, a muscle relaxant, the night before, and that Defendant did not have a copy of the prescription on file.

5

25. On or about September 21 or September 22, 2017, Defendant's co-owners were notified that Shrock took a prescribed medication, a muscle relaxant, and that Defendant did not have a copy of the prescription (hereafter "the prescription") on file.

26. On or about September 22, 2017, Defendant's Shop Supervisor notified Shrock of the Defendant's decision to terminate Shrock's employment.

27. Defendant's Shop Supervisor informed Shrock that she was being discharged because Defendant did not have a copy of Shrock's prescription.

28. Defendant discharged Shrock because Defendant did not have a copy of the prescription on file.

29. Defendant discharged Shrock because Shrock did not provide Defendant a copy of the prescription to Defendant.

30. Defendant's co-owners made the decision to discharge Shrock.

31. On or about September 22, 2017, Shrock advised one of Defendant's co-owners that the medication she had taken the night prior to the random drug test was legally prescribed for a back or neck condition, and did not interfere with Shrock's ability to perform her Office Manager duties.

32. Despite its knowledge of Shrock's legal use of a prescribed medication for a back impairment, Defendant did not rescind Shrock's termination.

33. Despite its knowledge of Shrock's legal use of a prescribed medication for a back impairment, Defendant did not allow Shrock to continue her employment.

34. One of Defendant's co-owners advised Shrock that Defendant could not allow Shrock to work while under the influence of a muscle relaxant.

35. Shrock's drug test taken on or about September 22, 2017, came back negative for all drugs tested, including amphetamines, cocaine, barbiturates, benzodiazepines, opiates, marijuana, and methadone.

36. On or about September 22, 2017, Defendant was notified that Shrock's drug test result was negative.

37. At no time prior to Shrock's discharge, did Defendant seek information from Shrock or her medical provider concerning whether or to what extent the prescribed medication impaired Shrock's ability to safely perform her job.

38. At no time prior to Shrock's discharge, did Defendant seek information from Shrock or her medical provider concerning whether or to what extent Shrock experienced side effects from use of the prescribed medication.

*Illegal medical inquiry and resulting discharge*

39. Since at least July 2016, the Defendant has engaged in conduct in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. §12112(d)(4)(A), by maintaining and enforcing a prescription policy that requires Defendant's employees to disclose to Defendant all medical prescriptions they are taking and to provide Defendant a copy of all such prescriptions, regardless of that employee's job duties or the type of prescription.

40. Upon information and belief, Defendant's prescription policy was still in effect at Defendant's Denton facility as of June 27, 2018.

41. Upon information and belief, Defendant continues to require employees to disclose their medical prescriptions and to submit a copy of same to Defendant as a condition of their employment, in violation of the ADA.

42. Defendant discharged Shrock in violation of the ADA, because she did not comply with Defendant's unlawful prescription policy.

*Discharge based on disability*

43. Shrock is a qualified individual with a disability under Section 3 of the ADA, 42 U.S.C. § 12102 (3).

44. At all times relevant, Shrock could perform the essential functions of her Office Manager job with or without reasonable accommodation.

45. Defendant discharged Shrock because of her actual disability, cervical disc disorder with radiculopathy or degenerative disc disease, that required use of a medical prescription.

46. In the alternative, Defendant regarded Shrock as having a disability because of her physical impairment, a spinal impairment, for which Shrock was prescribed medication.

47. Defendant was aware that Shrock was taking a medication prescribed for a medical impairment.

48. Defendant discharged Shrock because she was taking medication prescribed for her impairment.

49. Defendant failed to determine whether Shrock's impairment and/or the medication Shrock was taking for her impairment would impair her ability to safely perform her job.

50. Defendant terminated Shrock because of an actual or perceived disability in violation of the ADA.

51. The effect of the practices complained of above has been to deprive Shrock and other employees of Defendant of equal employment opportunities and otherwise adversely affect their status as employees, by subjecting them to an illegal medical inquiry.

52. The effect of the practices complained of above has been to deprive Shrock of equal employment opportunities and otherwise adversely affect her status as an employee because of an actual or perceived disability.

53. The unlawful employment practices complained of above were and continue to be intentional.

54. The unlawful employment practices complained of above were and continue to be done with malice or with reckless indifference to the federally protected rights of Shrock and other employees of Defendant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation

with it, from requiring all employees, regardless of job duties, to provide a copy of all medical prescriptions to Defendant.

B.  Grant a permanent injunction enjoining Defendant, its owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, failing to provide reasonable accommodation to qualified individuals with disabilities, and any other employment practice which discriminates on the bases of disability.

C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for current employees, including, but not limited to qualified individuals with disabilities, who have been subjected to an unlawful disability related inquiry, and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant to make Shrock whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

E.  Order Defendant to make Shrock whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial.

F. Order Defendant to make Shrock whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses in pain, in amounts to be determined at trial.

G. Order Defendant to pay Shrock punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 27th day of September, 2018.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

s/ *Lynette A. Barnes*
LYNETTE A. BARNES
(N.C. Bar No. 19732)
Regional Attorney

YLDA KOPKA
(IL Bar No. 6286627)
Supervisory Trial Attorney


s/ Yolanda W. Brock
YOLANDA W. BROCK
(N.C. Bar No. 36651)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6463
Fax: (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**