IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| EQUAL EMPLOYMENT | ) | |
|---|---|---|
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-813 |
| | ) | |
| LOFLIN FABRICATION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

In this employment discrimination case arising out of a prescription drug disclosure policy and the termination of claimant Deborah Shrock, each party asks the Court to seal certain documents containing purported medical or personal information filed in connection with summary judgment briefing. The motion will be granted as to all personal medical information of the claimant that is unrelated to the issues in this case and of the claimant's co-workers. It will otherwise be denied.

### Background

Upon filing its motion for summary judgment, Doc. 33, the defendant Loflin Fabrication LLC filed a redacted brief and certain redacted exhibits, along with a motion to seal the unredacted versions of the brief and exhibits. Docs. 35 (motion to seal), 36 (unredacted memorandum), 36-1, 36-2, 36-3 (unredacted exhibits). The Court held a telephone conference and authorized the parties to file under temporary seal any briefs and exhibits that either party contended contained information that should be filed under

seal, treating all such briefs and exhibits as covered by the already-filed motion at Doc. 35. Minute Entry 02/21/2020. The Court directed the party claiming confidentiality to file one brief addressing all information that party sought to seal after summary judgment briefing concluded. *Id.* As required by LR 5.4, the parties complied. *See* Doc. 41 (EEOC brief); Doc. 44 (Loflin brief). Also as required by the Local Rules, the parties filed publicly available briefs with the information subject to the motion to seal redacted, as well as either redacted exhibits when that was feasible or, with a couple of exceptions, placeholders if they sought to seal the entire exhibit.[1] Neither party objected to the other party's motion to seal.

The public has had notice of the motion to seal for more than three months due to the publicly filed motion to seal and the parties' publicly filed, redacted memoranda in support. *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). The docket reflects no action by any interested party to "seek intervention to contest any sealing order." *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013).

**Analysis**

The public has a right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to

---

[1] This is not the case for Doc. 36-3, whose publicly available counterpart Doc. 34-4 contains only "excerpts" of the claimant's deposition testimony and does not include redacted pages for the information the EEOC wants sealed. As the Court will direct the EEOC to file a redacted version of Doc. 36-3 that complies with the Court's rulings as to this document, the EEOC need not file a redacted version for all statements they had originally sought to seal. Loflin also failed to file a placeholder exhibit for Doc. 36-1, which the Court will be unsealing.

inspect and copy . . . judicial records and documents."). All of the documents at issue here are judicial records because they were filed with the objective of obtaining judicial action or relief and play a role in the adjudicative process or adjudicate substantive rights. *See In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).

The right of public access to judicial records derives from the First Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). When a party asks to seal judicial records, the court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Id.* at 576 (quoting *Stone*, 855 F.2d at 181). The public has a First Amendment right of access to these documents because they were filed in connection with a motion for summary judgment. *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 578 (4th Cir. 2004); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

The First Amendment right of access to judicial records "yields only in the existence of a compelling governmental interest . . . that is narrowly tailored to serve that interest." *In re Application*, 707 F.3d at 290.[2] The party seeking to limit public access bears the burden to show that sealing is appropriate, *Pub. Citizen*, 749 F.3d at 272; *Rushford*, 846 F.2d at 253, and must provide specific reasons to support its position. *Va. Dep't of State Police*, 386 F.3d at 575.

---

[2] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

3

The EEOC and Loflin assert the information at issue should be sealed because it contains personal and private medical information of a kind not ordinarily made public. This is an interest that may, in an appropriate case, override the public's interest in access to court records. *See Boone v. Bd. of Governors of the Univ. of N.C.*, 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019) (granting motion to seal medical records filed in connection with summary judgment in employment dispute). If a request is narrowly tailored, sensitive medical information may be sealed. *Bell v. Shinseki*, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014). The documents the parties seek to seal are listed and cited in a chart at the end of this order.

The EEOC seeks to seal several categories of information. Specifically, it seeks to seal the name of the claimant's prescription drug at issue in her discharge; the results of the drug test that occurred just before her discharge; medical records related to her relevant neck pain and other irrelevant health conditions; and the names of medications she was taking for unrelated conditions. As to her neck pain, the EEOC has narrowed its motion to seal, and it no longer seeks to seal some of the information so designated at its request when Loflin initially filed its brief and exhibits. *See* notes 3 & 4 *infra*.

The publicly filed briefs and the Court's decision disclose that the claimant was taking a muscle relaxant and that the drug test was negative. The EEOC has not explained why the name of the muscle relaxant or the document confirming the negative drug test are otherwise sensitive information. As to this information, the motion to seal will be denied.

4

The motion will also be denied as to the EEOC's response to an interrogatory about the claimant's disability. Doc. 36-1. This interrogatory answer largely puts forth relevant dates of treatment and diagnoses that are relevant to the Court's summary judgment decision, and it is difficult to justify keeping secret the nature of a claimed disability in a case involving alleged disability discrimination. Neither party addressed this exhibit in their briefs in support of the motion to seal.

Beyond this, the medical records related to her neck pain contain significant personal and medical information irrelevant to her neck pain and to the Court's decision; indeed, the pre-termination records were relevant largely because of what they did not show about her neck pain. The names of medications she was taking for other conditions, for example, are irrelevant to this employment dispute. There is no right of access to information on which the Court did not rely, because unsealing such documents "would have little value in furthering the public oversight of the judicial process." *Quayumi v. Duke Univ.*, No. 1:16-CV-1038, 2018 WL 2025664, at \*4 (M.D.N.C. May 1, 2018). For the records that are relevant for what they did not show, redaction is not a meaningful solution to protect the claimant's privacy interests.

To the extent the records do contain pertinent information about the claimant's neck pain, *see, e.g.*, Docs. 37-6, 37-10, they corroborate factual assertions about the dates of her treatment and diagnosis found in the EEOC interrogatory answer and the claimant's deposition testimony, which will soon be a publicly available exhibit. *See* discussion *supra* and at note 4 *infra*. The public interest is sufficiently protected by disclosure of this interrogatory answer and by the Court's description of the records, and

5

Case 1:18-cv-00813-CCE-LPA Document 57 Filed 07/08/20 Page 5 of 12

disclosure of the records themselves would unnecessarily infringe on the claimant's privacy rights.

The EEOC has narrowly tailored its request as to the briefs, the depositions, and the declarations, Docs. 36[3], 36-3[4], 37, 37-1, 37-3, and 37-8, by identifying specific line or paragraph numbers to redact, rather than seeking to seal these documents entirely. *See infra* (chart listing the portions of these documents at issue); *Va. Dep't of State Police*, 386 F.3d at 576 (court must consider less drastic alternatives to sealing); *Boone*, 395 F. Supp. 3d at 664–65 (same). Consistent with its rulings *supra* on the underlying exhibits and as specifically noted in the chart *infra*, the Court will grant the motion to seal to the extent the briefs, depositions, and declarations mention or discuss the claimant's unrelated medical conditions or medical prescriptions and will deny the motion to seal otherwise.

Loflin asks the Court to seal three types of documents that contain health information of its employees who are not parties or claimants. Non-parties have privacy rights in their information, which are appropriately considered in connection with motions to seal. *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580–83 (E.D. Va. 2009).

---

[3] Before Loflin filed this brief, the EEOC asked Loflin to redact some content, and Loflin redacted several paragraphs of the brief. *See* Doc. 35 at 2 ¶ 4. Upon seeing the redactions, the EEOC has refined and reduced its request, asking to redact from the public brief only the name of the claimant's medication. Doc. 41-1 at 3 ¶ 4a & n.1.

[4] Loflin originally moved to seal several pages of Doc. 36-3, Doc. 35 at 2 ¶ 3c, and the EEOC, as the party asserting confidentiality for this document, later reduced this request to specified pages and line numbers as listed in the chart *infra*. Doc. 41-1 at 3–4 ¶ 4c & n.1.

First, Loflin seeks to seal OSHA records disclosing injuries that Loflin employees sustained at work, including information about specific injuries to body parts. The employees' names, their physicians' names, and treatment locations were redacted before filing, *see* Doc. 3 at 7C (Standard Order allowing parties to redact information that is irrelevant to the Court's consideration of a pending motion, without filing a version with such information unredacted), but the employees' addresses, dates of birth, and dates of hire are visible on the unredacted version subject to the motion to seal. *See* Doc. 37-2. The Court will grant the motion to seal these three categories of personally identifiable information, as this information was not relevant to the Court's decision.

But the information about the nature of injuries suffered by employees was relevant to the Court's decision, *see generally* Doc. 51 at 2, 16 (noting the "shop floor could be a dangerous place"), and is helpful to the public in understanding the Court's summary judgment decision. With all information redacted that could link the injury to any particular employee, there is no harm from the disclosure. The motion to seal will be denied as to this information.

Second, Loflin seeks to seal specific pages of deposition testimony by two Loflin employees about their own medical conditions, in connection with disclosing prescribed medication. Doc. 44 at 3. As to one employee, the motion will be granted, as the employee's testimony about his experience with the policy cannot be segregated from his testimony about his personal medical history. Doc. 37-5 at 5. As to the other, segregation is possible and the motion will be granted in part, so that the employee's personal information is sealed, but his testimony about the policy more generally is not.

7

Doc. 37-4 at 4–5. These employees have no stake in this case, and their privacy rights in their medical information should be respected at this stage, to the extent possible.

Finally, Loflin seeks to seal a table that lists prescriptions its employees have disclosed per the Loflin drug disclosure policy, because the table contains its employees' medical information. Doc. 44 at 3. The table provides the beginning and end dates of each prescription, several conditions a given drug might treat, and its known side effects, but the table does not contain the name of the employee taking the drug or any other information from which the employee could be identified, nor does it list the specific condition for which it was prescribed. *See* Doc. 37-7 at 2–12. The same document then includes prescription information from pharmacies about how to take certain medications and expected side effects, but the prescriber names and identifying information of the patients have already been redacted. *See id.* at 13–19; Doc. 3 at 7C (permitting such redaction without a motion to seal as noted *supra*). Because the table and supplemental prescription information do not contain personally identifiable details, Loflin has not met its burden to show this information is confidential, and the motion to seal this document will be denied.

## Conclusion

Personal and medical information of limited or no relevance to this case will be sealed. Relevant medical information will be sealed when it cannot be redacted from irrelevant information and when other evidence provides sufficient indication of the basis of the Court's ruling. Sealing for twenty years provides sufficient protection to the claimant and other employees. Otherwise, the motion will be denied. The Court's

decision to seal certain records will not carry over to trial.  The public interest at trial is higher, and it is doubtful that any relevant information will remain private if it is admitted at trial.

It is **ORDERED** that:

1. The motion to seal, Doc. 35, is **GRANTED in part and DENIED in part**, as follows and as set forth specifically in the chart appended to this Order.

2. No earlier than five (5) days from this date, the Clerk shall unseal the following documents:  Docs. 36, 36-1, 37, 37-1, 37-3, 37-7, 37-8, 37-9.

3. As to Docs. 37-2 and 37-4, Loflin shall file on the public docket a copy of each that is redacted to reflect this ruling on or before July 17, 2020.  Subject to compliance with this order, Docs. 37-2 and 37-4 will remain under seal.

4. The EEOC shall file on the public docket a copy of Doc. 36-3 that is redacted to reflect this ruling on or before July 17, 2020.  Subject to compliance with this order, Doc. 36-3 will remain under seal.

5. The Clerk shall maintain Docs. 36-2, 36-3, 37-2, 37-4, 37-5, 37-6, and 37-10 under seal until July 1, 2040, at which time the seal shall be lifted.  Any motion to extend the stay shall be filed no earlier than January 2, 2040, and no later than March 30, 2040.

This the 8th day of July, 2020.

UNITED STATES DISTRICT JUDGE

| Party Seeking to Seal | Doc. Cite for Information Sought to be Sealed | Description | Rationale | Ruling |
|---|---|---|---|---|
| EEOC, Docs. 35, 41-1 | **Doc. 36** at 7, 8, 10 (redacted version initially filed at Doc. 34) | Defendant memorandum of law in support of summary judgment | Claimant medical information (name of medication) | Denied |
| EEOC, Doc. 35 (no party's brief addressed why this exhibit should be sealed) | **Doc. 36-1** (No publicly available placeholder or redacted version was initially filed.) | Interrogatory response, about Claimant's alleged disability | Claimant medical information (summarizing treatment dates and diagnoses) | Denied |
| EEOC, Docs. 35, 41-1 | **Doc. 36-2** (publicly available placeholder filed at Doc. 34-3) | Claimant medical record | Claimant medical information (diagnosis and treatment, including unrelated information) | Granted |
| EEOC, Docs. 35, 41-1 | **Doc. 36-3** (No publicly available placeholder or redacted version was initially filed, though some excerpts were publicly filed at Doc. 34-4.) | Claimant deposition:<br><br>Name of medication at 12 (73:5, 73:9, 73:12, 73:17), 13 (74:3, 74:8);<br><br>Broader medical conditions at 15 (76:1, 76:3), 16 (77:7–10, 77:15–16, 77:21–23), 17 (78:13–20), 18 (79:1–25)[5] | Claimant medical information (including medications prescribed for multiple unrelated medical conditions) | Granted as to 76:1, 76:3, 77:7–10, 77:15–16, 77:21–23, 78:13–20, 79:1–25;<br><br>Denied as to 73:5, 73:9, 73:12, 73:17, 74:3, 74:8<br><br>EEOC to file revised redacted version on public |

---

[5] This citation includes the page number appended by CM/ECF, followed in parentheses by the deposition's internal page numbers that are cited by the parties.

10

| | | | | docket |
|---|---|---|---|---|
| EEOC, Docs. 41, 44 | **Doc. 37** at 4, 18 (redacted version filed at Doc. 38) | EEOC memo of law in opposition to summary judgment, redacted for name of Claimant medication | Claimant medical information (name of medication) | Denied |
| EEOC, Docs. 41, 44 | **Doc. 37-1** at 4 ¶ 6 (redacted version filed at Doc. 38-4) | Claimant's doctor's declaration | Claimant medical information (name of medication) | Denied |
| Defendant, Doc. 44 | **Doc. 37-2** (publicly available placeholder filed at Doc. 38-5) | OSHA records | Non-party medical information | Granted in part as to employee addresses and dates of birth and of hire; denied in part as to employee injuries. Loflin to file revised redacted version on public docket. |
| EEOC, Docs. 41, 44 | **Doc. 37-3** at 22 (72:3, 72:6, 72:25) (highlighted words only) (redacted version filed at Doc. 38-6) | Claimant deposition | Claimant medical information (name of medication) | Denied |
| Defendant, Doc. 44 | **Doc. 37-4** at 4–5 (22:1–23:25) (redacted version initially filed at Doc. 38-12) | Jason Roark Deposition | Non-party medical information; marked confidential during deposition | Granted as to 22:22–23:11 and as to first word of 24:1; otherwise denied Loflin to file revised redacted version on public docket |
| Defendant, Doc. 44 | **Doc. 37-5** at 5 (18:1–25) (redacted | Chris Hamilton Deposition | Non-party medical information; marked confidential during | Granted |

| | | | | |
|---|---|---|---|---|
| | version filed at Doc. 38-14) | | deposition | |
| EEOC, Docs. 41, 44 | **Doc. 37-6** at 3–4 (publicly available placeholder filed at Doc. 38-18) | Claimant medical record dated 10/12/17 | Claimant medical information | Granted |
| Defendant, Doc. 44 | **Doc. 37-7** (publicly available placeholder filed at Doc. 38-19) | Table of drugs disclosed by unidentified employees; prescription information | Non-party medical information | Denied |
| EEOC, Docs. 41, 44 | **Doc. 37-8** at 2 ¶ 2 (redacted version filed at Doc. 38-20) | Claimant's declaration | Claimant medical information (name of medication) | Denied |
| EEOC, Docs. 41, 44 | **Doc. 37-9** (publicly available placeholder filed at Doc. 38-24) | Claimant drug test results dated 9/22/17 | Claimant medical information (test results) | Denied |
| EEOC, Docs. 41, 44 | **Doc. 37-10** at 3 (publicly available placeholder filed at Doc. 38-25) | Claimant medical record dated 12/21/17 | Claimant medical information | Granted |